UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IRON WORKERS DISTRICT COUNCIL OF
WESTERN NEW YORK and VICINITY ANNUITY
and PENSION FUNDS, et al.,

                                            Plaintiffs,

                                                                                          DECISION AND ORDER

                                                                                           05-CV-6298L

                            v.

D.C. SCOTT, INC., et al.,

                                            Defendants.
_____

**PROCEDURAL BACKGROUND**

Plaintiffs commenced this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and the Labor-Management Relations Act, 29 U.S.C. § 185(a), against defendants to collect delinquent fringe benefit contributions and deductions and to compel defendants to produce their books and records for an audit. Plaintiffs also seek penalties, interest, costs, disbursements, and attorneys' fees.

Pending before the Court is plaintiffs' motion for summary judgment, filed October 3, 2006, against defendant D.C. Scott, Inc. only ("defendant" or "the company").[1] (Dkt. #22).

---

[1] Plaintiffs did not move for summary judgment against the individual defendants, Donald C. Scott and Andrea Scott.

Shortly after plaintiffs' motion was filed, defendants' counsel moved for leave to withdraw as counsel of record for all defendants based on the clients' request in July 2006 that he stop all services and immediately cease representing them in this matter (Dkt. #26).  By Order filed October 26, 2006, defendants were given an opportunity to respond to counsel's motion (Dkt. #27). Defendants were advised that the motion would likely be granted if they failed to respond. Defendants also were advised that they should take steps to obtain other counsel, or proceed *pro se*, and that D.C. Scott, Inc. still had to respond to the pending motion for summary judgment.

After two months passed without receiving a response from defendants, I granted counsel's motion to withdraw on December 20, 2006 (Dkt. #28).  In the same Order, I gave D.C. Scott, Inc., now proceeding *pro se*, until January 12, 2007, either to advise the Court that it had obtained new counsel or to respond to plaintiffs' motion.  In addition, the Order set forth the requirements of Fed. R. Civ. P. 56 and the consequences for failing to respond in accordance with requirements of Rule 56(e).  The company, however, did not respond to either the pending motion or the Court's Order.

On February 1, 2007, plaintiffs' counsel wrote the Court requesting that summary judgment be entered in light of the company's failure to respond.  On February 5, 2007, after the deadline for opposing the motion had passed, and after remaining silent for months, defendant sent the Court by facsimile an unsworn, one-page letter signed by Andrea Scott objecting to the entry of summary judgment.  The Court sent a copy of defendant's letter (which was neither filed with the Clerk of the Court nor sent to opposing counsel) to plaintiffs' counsel, who, in turn, responded by letter dated February 7, 2007.

For the reasons set forth below, plaintiffs' motion for summary judgment against D.C. Scott, Inc. is granted.

# DISCUSSION

## I. Summary Judgment:  General Principles

Rule 56(c) of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The Court's role in summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When considering a motion for summary judgment, the Court must draw inferences from underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-588 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

Moreover, where the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999) (quotations omitted). Nevertheless, "proceeding *pro se* does not otherwise relieve [defendant] from the usual requirements of summary judgment." *Fitzpatrick v. New York Cornell Hosp.*, No. 00 Civ. 8594, 2003 WL 102853,*5 (S.D.N.Y. Jan. 9, 2003) (citing cases); *see also Stinson v. Sheriff's Dep't of Sullivan County*, 499 F.Supp. 259, 262 (S.D.N.Y.1980) (holding that the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

**II.  Defendant did not Comply with the Local and Federal Rules of Civil Procedure**

For several reasons, defendant's February 5, 2007, letter is not sufficient to withstand plaintiffs' motion for summary judgment. The letter is not in the form of a sworn statement, as required by Fed. R. Civ. P. 56(e).  Rule 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. . . . When a motion for summary judgment is made and supported as provided in this rule, **an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial**.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (emphasis supplied)

The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant or the district court must provide the *pro se* litigant with notice of the consequences of failing to respond to the motion.  *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

The company was provided with sufficient notice of the consequences of failing to comply with the mandates of Rule 56(e).  The Court's "*Irby*" notice (Dkt. #28) advised defendant that "plaintiffs have asked the Court to decide the claims asserted against it without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFFS ASSERTS IN ITS COMPLAINT MAY BE DETERMINED WITHOUT A TRIAL IF DEFENDANT DOES NOT RESPOND TO THIS MOTION by filing its own sworn affidavits or other papers as required by Rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial."

The notice also stated that: "Rule 56 provides that defendant may NOT oppose summary judgment simply by relying upon the allegations in the pleadings. Rather, defendant must submit evidence, such as witness statements or documents, countering the facts asserted by plaintiffs and raising issues of fact for trial. Any witness statements, which may include defendant's own statements, must be in the form of affidavits"; "Any issue of fact that defendant wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by plaintiffs;" and "If defendant does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by plaintiffs, the Court may accept plaintiffs' factual assertions as true. Judgment may then be entered in plaintiffs' favor without a trial."

The Court also advised defendant of the requirements of Rules 7.1(e) and 56 of the Local Rules of Civil Procedure for the Western District of New York that it must submit a memorandum of law "containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which defendant contends there exists a genuine issue to be tried" in opposition to the motion.  The notice warned defendant that "In the absence of such a statement by defendant, all material facts set forth in plaintiffs' statement of material facts not in dispute will be deemed admitted."

In spite of the notice provided to the company, it did not respond to plaintiffs' motion by filing proof in admissible form, either by affidavit or through documentary evidence. Defendant failed to comply with the Court's Orders and the Rules of Civil Procedure.

The mere fact that defendant did not respond to plaintiffs' motion in a manner required by Rule 56, however, does not mean that summary judgment should be "granted automatically."

*Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Rather, summary judgment may be granted as long as defendant has received notice that failure to file an opposition may result in judgment entered against it and the Court is satisfied that the undisputed facts "show that the moving party is entitled to a judgment as a matter of law." *Champion*, 76 F.3d at 486 (quoting Fed.R.Civ.P. 56(c)). *See*, *e.g.*, *Strine v. Sodus Cent. School Dist.*, 403 F.Supp.2d 279, 280 (W.D.N.Y. 2005). Therefore, the Court will accept the truth of plaintiffs' factual allegations, and determine whether plaintiffs are entitled to summary judgment.

I find that plaintiffs have made the necessary showing of entitlement to judgment as a matter of law.  Plaintiffs have filed numerous affidavits from persons with knowledge about the delinquent contributions owed by defendant during the relevant time periods, as well as hundreds of pages of exhibits supporting those figures.  (Dkt. #22, Affs. of Betty Fedorjaka, Barbara J. Warn, and Peter J. Cossack).  Included in their submissions were the contracts by which the company agreed to be bound, including the Collective Bargaining Agreement, and the Amended and Restated Agreements and Declarations of Trust and Collections Policies of the various funds.  (Dkt. #22, Fedorjaka Aff., Exs. A-D; Cossack Aff., Exs. A and C; Warn Aff., Exs. A-D).  These documents set forth in unambiguous terms the company's obligation to submit reports to plaintiffs, to make contributions to the various funds, and the penalties, interest, costs, and fees that defendant would incur for failing to do so in a timely manner.  Plaintiffs also set forth in a twenty-page memorandum of law controlling case law from this and others circuits demonstrating that they are entitled to the monetary and equitable relief that they seek under the pertinent federal law, including ERISA. (Dkt. #22).

**III. The Company Failed to Raise a Material Issue of Fact to Defeat Summary Judgment**

Even if the information alleged by Andrea Scott was presented in admissible form, the conclusory assertions set forth in it do not raise issues of fact regarding plaintiffs' entitlement to summary judgment.

In the letter, Andrea Scott states that the company has been in settlement negotiations with an entity referred to as "Ironworkers Local #12," and that they have reached a "verbal agreement," but were negotiating "a final number." Scott also claims that the company has "assigned payments in the amount of $65,000 to Local #12" and that "there is some confusion on the actual amount owed . . . ." Scott also disputes that contributions for a handful of employees are actually due and owing, and that contributions are delinquent in one of the twenty-two months at issue. She has presented no evidence, however, to substantiate her conclusory assertions made on behalf of the company.

In response, plaintiffs argue that pursuant to Fed. R. Evid. 408, settlement discussions are inadmissible to disprove liability on summary judgment. Further, plaintiffs assert that they have never acknowledged that there is a "discrepancy" in the amounts owed by the company. They maintain that the amount set forth in the affidavits filed in support of their motion accurately reflect what defendant owes. Plaintiffs argue that defendant has repeatedly failed to produce *any* evidence to support its assertion that a handful of employees were not subject to the terms of the various agreements, or that contributions were made for the month of October 2004. Plaintiffs also deny that there is any "verbal agreement" between the named plaintiffs regarding the pending motion for summary judgment. (*See* Letter of J. Clark, dated February 7, 2007).

I find that the allegations made by Andrea Scott on behalf of the company do not raise a material issue of fact to defeat summary judgment. The Court is aware of the liberal pleading rules afforded to *pro se* litigants. *See Fitzpatrick*, 2003 WL 102853, at *5. Nevertheless, a litigant's *pro se* status does not excuse them entirely from the requirements on summary judgment. A "*pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F.Supp. 424, 429 (S.D.N.Y.1995) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir.1991)). This case has been pending for more than a year and a half. Defendant has had the benefit of counsel for the majority of the litigation, including during discovery. The company has had the opportunity to file evidence to support its defenses to this action, but it failed to do so.

Moreover, I agree with plaintiffs that under Fed. R. Evid. 408, information exchanged during the course of settlement negotiations is not admissible on summary judgment. *See Honeywell, Inc. v. J.P. Maguire Co., Inc.*, 93 Civ. 5253, 1999 WL 102762, *24 (S.D.N.Y. Feb. 24, 1999) (finding inadmissible defendant's calculation of the balance still owed on a contract that was prepared for a court-ordered settlement between the parties); *see also Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir.1989).

In any event, it is unclear to which entity defendant assigned $65,000, for what delinquent contributions the assignment was made, or even if that sum is related to the delinquent contributions during the time period at issue in this lawsuit. Defendant claims it assigned payments in the amount of $65,000 to "Local #12," presumably meaning Iron Workers Local Union No. 12, a labor union, which is not a named plaintiff in this action. In fact, plaintiffs claim that the assignment is in the hands of a "third-party" and has not been paid to plaintiffs.

Accordingly, I see no reason why summary judgment should not be entered in favor of plaintiffs.

If plaintiffs actually receive $65,000, or some other sum, from this "third-party" after entry of judgment in this case, I direct that it be applied first to off-set any delinquent contributions to the funds, and that any remainder be paid toward the penalties, interest, costs, disbursements and attorneys fees set forth in plaintiffs' motion.

## CONCLUSION

Plaintiffs' motion for summary judgment (Dkt. #22) is **GRANTED** in its entirety **against defendant D.C. Scott, Inc. for the relief demanded in the first, second, third, fifth, sixth, and eighth causes of action in the Amended Complaint**, together with the costs and disbursements of this action; and it is further

**ORDERED**, that this Court expressly determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedures, that there is no just reason for delay in entering final judgment against defendant D.C. Scott, Inc. because plaintiffs might be prejudiced by a delay in recovering a monetary award against defendant D.C. Scott, Inc. and because entry of judgment will not affect the remaining litigation against defendants Donald C. Scott and Andrea Scott; and it is further

**ORDERED**, that judgment be entered herein by the Clerk of the Court in favor of plaintiffs and against defendant D.C. Scott, Inc. for the sum of $235,417.98, representing $47,211.55 due to Iron Workers District Council of Western New York and Vicinity Annuity and Pension Funds and $188,206.43 due to Iron Workers Local No. 12 Pension Fund, Iron Workers Local No. 12 Health Insurance Fund, Iron Workers Local No. 12 Joint Education and Training Fund, Iron Workers Local

No. 12 Union, and Central and Eastern New York Cooperative Trust, and attorneys' fees and costs and disbursements incurred by plaintiffs subsequent to service of the motion upon the defendant D.C. Scott, Inc., plus interest thereon at the rate provided for by 28 U.S.C. §1961(a), and that plaintiffs have execution therefore, and it is further

**ORDERED,** that defendant D.C. Scott, Inc., its officers, agents, servants, employees, attorneys, or any of them, and all persons acting in concert or participation with defendant D.C. Scott, Inc., or with any of the foregoing be and hereby directed to:

(a) Produce for plaintiffs or their representatives for audit and review, within thirty (30) days of service of this Order, its remittance reports and payroll records evidencing the hours worked by its employees for the period October 2005 through the date of this Order;

(b) Pay any delinquency uncovered by the remittance reports and audit, including fringe benefit contributions, deductions, interest, liquidated damages audit fees and attorneys' fees and costs;

(c) Perform its obligations to the plaintiffs, specifically, to timely furnish the required monthly remittance reports and payments to plaintiffs; and

(d) Refrain from incurring any additional delinquencies with the plaintiffs,

and it is further;

**ORDERED,** that this Court retains jurisdiction to enter judgment in favor of the plaintiffs and against the defendant, D.C. Scott, Inc., for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees; and

**ORDERED,** that upon completion of their audit of the defendant D.C. Scott, Inc.'s records, plaintiffs may submit a supplemental Affidavit seeking entry of judgment for all additional fringe

benefit contributions, deductions, interest, liquidated damages, audit fees and attorneys' fees and costs determined by the audit to be due plaintiffs.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 22, 2007.